## STATE v. DAVID VERNON BROWN.

165 N. W. (2d) 557.

February 28, 1969—No. 41811.

*Rainer L. Weis* and *Weis, Frauenshuh & Narveson,* for relator.
*Ronald C. Anderson,* City Attorney of Willmar, for respondent.

PER CURIAM.

Minn. St. 488.20 authorizes any person convicted of a criminal offense in municipal court to appeal to the district court of the county under the procedure stated in § 633.20, one of the requisites being that the appellant:

"Enter[s] into a recognizance, with sufficient surety, to be approved by the [judge of municipal court], conditioned to appear before the district court *on the first day of the general term thereof next to be held in and for that county* and to abide the judgment of the court therein, and in the meantime to keep the peace and be of good behavior." (Italics supplied.)

The issue before us is whether the italicized statutory language prohibits the scheduling of a trial upon such appeal, if an appellant objects, at any date prior to the first day of the next general term of court of the district court in the county.

Relator was convicted in municipal court of the city of Willmar, Kandiyohi County, on October 7, 1968, upon two charges of driving an automobile after revocation of his driver's license, a violation of a municipal ordinance. He perfected an appeal to the district court of that county pursuant to §§ 488.20 and 633.20, including posting a surety bond approved by the municipal judge. Trial in district court was scheduled for January 20, 1969, which, like the dates of trial and appeal in the municipal court, fell within the September general term of the district court then in session. The appellant, relator here, objected, insisting that trial could not be held earlier than March 10, 1969, the first day of the March general term of court in Kandiyohi County. This matter is now here for decision pursuant to a writ of prohibition issued by this court on January 17, 1969.[1]

---

[1] Relator's counsel had communicated his position to the Honorable C. A. Rolloff, Chief Judge of the Eighth Judicial District, in November

It is the opinion of the judges of the Eighth Judicial District that when an appeal is taken from a municipal court and a general term of district court is then in session, the appeal "should be and will be tried during that term." [2] The attorney for the city of Willmar argues that the language of the statute should be construed to read that the appellant shall appear before the district court on "the last day on which the appeal could be prosecuted" — that is, that "the appellant would appear and plead no later than the first day of the next general term."

The language of the statute, in our view, is plainly to the contrary.[3] The decisive phrase "next to be held" clearly modifies the phrase "general term" and can only mean the future general term next following the general term during which the appeal is taken. The phrase "on the first day" refers to the commencement of the general term so specified. We conclude, therefore, that the appeal of relator may not be tried in district court prior to March 10, 1969, the first day of the general term next to be held in Kandiyohi County.

Writ made absolute.

---

1968 after he was alerted to be ready for trial. In a letter to relator's counsel on November 25, 1968, Judge Rolloff rejected relator's claim "that these appeals cannot be heard until the March Term of Court," but at the same time advised him that it was "not likely" that trial would be held "before the first of the year." Notification of the scheduled trial date was given relator on January 16, 1969, and relator thereupon made application for a writ of prohibition.

[2] This view was expressed to relator's counsel by letter dated November 25, 1968, footnote 1, *supra.* A copy of this letter was filed by the chief judge of the district in the return to the writ of prohibition.

[3] Although the language is plain, the reason for the language is not plain. We accord deepest respect to the views of Chief Judge Rolloff and his judicial colleagues that delay of an appeal to the next general term (except only as the trial court in its discretion may conclude that it is necessary to afford an appellant fair opportunity to prepare for a trial) does not promote sound judicial administration. We accordingly record their views in this opinion for the attention of the legislature now in session.